```
          IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION


CHERISH BERG,                      )
                                   )
               Plaintiff,          )  Docket No. 07 C 4887
                                   )
          vs.                      )
                                   )
BLATT, HASENMILLER, LEIBSKER       )  Chicago, Illinois
& MOORE, LLC., et al.,             )  May 13, 2008
                                   )  8:55 a.m.
               Defendants.         )


          TRANSCRIPT OF PROCEEDINGS - Motion
     BEFORE THE HONORABLE REBECCA R. PALLMEYER

APPEARANCES:

For the Plaintiff:      THE CONSUMER ADVOCACY CENTER, P.C.
                        BY:  MR. LANCE A. RAPHAEL
                        180 West Washington, Suite 700
                        Chicago, Illinois  60602


For the Defendants:     McGUIREWOODS LLP
                        BY:  MR. DAVID L. HARTSELL
                        77 West Wacker Drive, Suite 4100
                        Chicago, Illinois  60601









Court Reporter:         FRANCES WARD, CSR, RPR, FCRR
                        Official Court Reporter
                        219 S. Dearborn Street, Suite 2118
                        Chicago, Illinois  60604
                        (312) 435-5561
                        frances_ward@ilnd.uscourts.gov
```

```
 1              THE CLERK:  07 C 4887, Berg versus Blatt,
 2   Hasenmiller, Leibsker & Moore on a motion and status.
 3              MR. HARTSELL:  Good morning, your Honor.
 4              David Hartsell on behalf of the defendants.
 5              THE COURT:  Good morning, Mr. Hartsell.
 6              MR. RAPHAEL:  Good morning, your Honor.
 7              Lance Raphael on behalf of the plaintiffs.
 8              THE COURT:  Good morning.
 9              MR. RAPHAEL:  Before you get to my motion, I just
10   want to see if there is some ability to also ask for a
11   Rule 16 conference to try and save both plaintiff's counsel
12   and the Court a lot of time on what I suspect will be the
13   next stage, which is motions for summary judgment.
14              THE COURT:  Just one moment.  I am sorry to
15   interrupt.
16              We did have a Rule 16 conference back in December
17   in this case.  It was on December 12th.  And I did set a
18   schedule, including a dispositive motion date.
19              MR. RAPHAEL:  That's not what I am asking for.  I
20   am talking about a settlement conference, because this is an
21   individual FDCPA case where we have asked for a settlement
22   conference and the defendant, at the beginning of the case,
23   refused.
24              We have now gone through depositions, the exchange
25   of written discovery, some of which, as laid out in our
```

1  motion, was less than candid.
2      And since it's an individual case, if we win any of
3  the misrepresentations in here, there is liability.
4      The question is, it's a small individual case, and
5  does it -- I don't want to put in what will certainly exceed
6  the value of the case to the client in attorney's fees over
7  and above what we have already done.
8      I mean, I understand the right for a defendant to
9  litigate strongly a case. This defendant has litigated it as
10 strongly as I have ever seen any defendant litigate an
11 individual case.
12     Maybe this case somehow goes to the way that they
13 conduct their business or there is something that I am not
14 quite aware of as to why they have taken the stance that they
15 have of, we are not going to discuss settlement.
16     But at this juncture, before we get to the next
17 stage, I want to see if there is a settlement conference
18 possibility before your Honor.
19     THE COURT: I am happy to schedule a settlement
20 conference probably before the magistrate judge, just because
21 I just started a trial yesterday that I expect to go for at
22 least four weeks. So I wouldn't have time immediately.
23     But before I do that, I guess I need to hear from
24 Mr. Hartsell.
25     Do you think it's reasonable to expect that we

1   would get a deal if we sat down for a settlement conference?
2           MR. HARTSELL:  Candidly, no, Judge.
3           We believe this case was frivolous to begin with.
4   We believe it's still frivolous.  We believe this motion to
5   amend the complaint is frivolous.
6           You recall that Mr. Raphael was in here a few weeks
7   ago asking to amend the complaint, made representations in
8   open court about what his client had testified to, which we
9   pointed out were untrue.  Your Honor allowed him to partially
10  amend that complaint but told him there would be sanctions if
11  it turned out to be untrue.  It did turn out to be untrue.
12          We had a four-hour deposition of the collection
13  manager, during which Mr. Raphael called you in the middle of
14  it, if you remember.
15          THE COURT:  I do recall.
16          MR. HARTSELL:  Now they have got a different
17  amended complaint they want to file.
18          They don't want to file the other one that you gave
19  them leave to, because it turned out to be completely
20  baseless.
21          Now they have got a new amended complaint where
22  they want to add new allegations, and they want to add new
23  defendants.
24          We did get a settlement demand here from the
25  plaintiff a few weeks ago.  It was outrageous, the amount of

1   money that was being asked for.  We did not respond.  We did
2   not counter.
3            I have got a summary judgment motion due in two and
4   a half weeks.  I am ready to go forward.
5            MR. RAPHAEL:  Your Honor, if I might.
6            We did ask for leave, and we were granted leave, to
7   amend the complaint as to this collection agent who appeared
8   in court and represented or implied -- and the standard under
9   the FDCPA is implied, not represent direct representation.
10           We chose not to amend the complaint to add that
11  count because, in the course of the discovery and the
12  depositions of what turned out to be a separate corporation,
13  Inovision, we found literal falsehoods that would be capable
14  of being used for our motion for summary judgment on
15  liability.
16           The issue of whether this guy implied he was a
17  lawyer or not in court, we have enough evidence to go forward
18  on that case with a good faith basis, but it's a "he said,
19  she said" case because he didn't admit to representing
20  himself in court as a lawyer.  He said, "I am here on behalf
21  of Blatt, Hasenmiller.  I am assisting the attorney."
22           We have our client's sworn testimony saying --
23           THE COURT:  Something else.
24           MR. RAPHAEL:  And the standard is a very low
25  standard, but I am looking at trying to, from a tactical

1  point of view, get this case to bed very quickly.
2          THE COURT: I really appreciate it, Mr. Raphael.
3  But I don't think there is any point in my directing you to
4  attend a settlement conference when one side is saying he is
5  not going to dance.
6          MR. RAPHAEL: Fine.
7          THE COURT: I don't think it's fair to you or your
8  client to sit in a room where the other side simply won't
9  budge. And that's what I am hearing from Mr. Hartsell, that
10  he is not interested and he is not going to make a proposal.
11  And if he comes to a settlement conference, he will do it
12  only to be polite, that it's not going anywhere.
13          Is that a fair characterization?
14          MR. HARTSELL: That is a fair characterization,
15  given the demand that's on the table. I would rather just go
16  forward.
17          THE COURT: There is no reason to qualify this with
18  a demand on the table because, obviously, you are in a
19  position to make an offer. And I think whenever the other
20  side makes a completely unreasonable off-the-map suggestion,
21  your responsibility is to do the right thing and make a
22  proposal that's reasonable.
23          So I would suggest that you make a proposal that's
24  reasonable. And Mr. Raphael may or may not believe that your
25  position is absurd.

1        MR. HARTSELL:  I would be glad to make him a
2    proposal.  He might not like it.
3        THE COURT:  Well, of course.  But you don't like
4    his, so why not start with one that he doesn't like.  I think
5    it makes sense for you to make a proposal.  I always
6    encourage that.
7        Let's turn to the motion.  I know there are
8    disputes about the merits of the case itself.
9        There is a motion to strike responses because, as I
10   understand the plaintiff's position, the witness is now
11   asserting that he doesn't represent the defendant -- or is
12   not an employee of the defendant.
13       MR. RAPHAEL:  No, your Honor.
14       Actually, here is what happened.
15       Well, first off, as a technical matter to start
16   with, the defendants all are in default with regard to local
17   Rule 3.2.  They didn't file their notification of affiliates.
18   We asked them about this on the record in the deposition.
19   They said they would correct the problem.  They didn't.
20       We believe, actually, that they didn't file their
21   notification of affiliates because that was consistent with
22   what we got as answers in response to our written discovery.
23       When we asked to identify the people with
24   knowledge, they identified a guy named David Schlee, vice
25   president of Inovision.

```
 1                THE COURT:  Right.
 2                MR. RAPHAEL:  Dave Schlee testified under oath, I
 3    am not --
 4                THE COURT:  That he is not with Inovision.
 5                MR. RAPHAEL:  Yeah, I am not an employee of
 6    Inovision.  I am not an agent --
 7                THE COURT:  That's what I understood the issue to
 8    be.
 9                Can I get a response on that?
10                MR. HARTSELL:  Yes.
11                He is employed by the parent company, NCO
12    Financial, which is -- which owns Inovision.
13                There are several companies here.  It's a very
14    complicated corporate structure.  The parent company is NCO.
15    NCO Financial is the managing agent, servicing agent for
16    these accounts.  It owns the Inovision company, which owns
17    the debt.
18                Excuse me.
19                MR. RAPHAEL:  I just don't want you to make --
20                MR. HARTSELL:  Let me finish.
21                MR. RAPHAEL:  -- a mistake on the record.
22                THE COURT:  A mistake on the record happens every
23    day.  And you will get it corrected just as soon as you have
24    a chance to speak.
25                MR. HARTSELL:  It's just very frustrating, Judge,
```

1  because --
2          THE COURT:  Mr. Hartsell, you have the floor.
3          MR. HARTSELL:  Thank you.
4          And it would be helpful if we had the transcript
5  rather than just Mr. Raphael's paraphrasing the testimony.
6          But NCO Financial is the servicing agent, has been
7  the servicing agent for this account even prior to the time
8  that it was owned by Inovision.
9          Inovision owns the debt.  It is a subsidiary of NCO
10 Financial.
11         When we were asked to produce somebody who could
12 testify about the account and the relationship between the
13 owner of the account, Inovision, and the law firms that it
14 engaged to pursue suit on the account, we brought forth
15 Mr. Schlee because he is the person that manages those
16 relationships.  Okay?
17         THE COURT:  So you are comfortable asserting that
18 Mr. Schlee's answers are binding on Inovision.
19         MR. HARTSELL:  That's why we produced him.  He
20 works for the parent corporation, yes.
21         I don't think there was anything unclear about his
22 testimony.  He was very clear about what his formal title is
23 and who signs his paycheck.  He was also very clear about, I
24 work for the parent corporation that owns this company
25 Inovision that owns the debt.  I manage these relationships

1  between -- with the attorneys and the collection agencies
2  that we engage --
3            THE COURT:  I don't know that there is anything
4  unclear about his testimony.
5            My understanding of the concern here that was
6  raised -- and let me return to it -- is that, for whatever
7  reason, there was some concern that Mr. Schlee's answers
8  wouldn't bind Inovision because he is actually unemployed by
9  them.
10           No problem there?
11           MR. HARTSELL:  No problem.
12           THE COURT:  All right.
13           Any other issues, then, Mr. Raphael?
14           MR. RAPHAEL:  It has the problem -- well, first
15 off, let me correct something that I think was mistaken.
16           THE COURT:  Okay.  Go right ahead.
17           MR. RAPHAEL:  Mr. Hartsell says that Inovision is
18 owned by NCO Financial.  The testimony of Mr. Schlee was not
19 that.  Actually, there is -- NCO Financial is a sister
20 corporation of a separate corporation called NCO Portfolio
21 that owns Inovision.
22           THE COURT:  Fair enough.
23           MR. RAPHAEL:  And Mr. Schlee went to great lengths
24 to explain how NCO Financial, whom he is employed by, does
25 not have any ownership of Inovision.

| | |
|---|---|
| 1 | THE COURT:  Again, fair enough. |
| 2 | The concern I understood that you had -- and I |
| 3 | think it's been resolved; I just want to make sure about |
| 4 | that -- is that Mr. Schlee's answers wouldn't bind Inovision. |
| 5 | Mr. Schlee works for somebody else.  He is not connected.  So |
| 6 | now you have a position where you don't have answers -- you |
| 7 | are in a position where you don't have answers to your |
| 8 | interrogatories. |
| 9 | I think what Mr. Hartsell told us is, yes, he does |
| 10 | because Mr. Schlee's statements are binding on Inovision. |
| 11 | Are there any other concerns? |
| 12 | MR. RAPHAEL:  Yes. |
| 13 | THE COURT:  Okay. |
| 14 | MR. RAPHAEL:  As a technical defense that the |
| 15 | defendant has raised -- the defendant named Inovision has |
| 16 | raised -- |
| 17 | THE COURT:  Yes. |
| 18 | MR. RAPHAEL:  Inovision is not a collection agency, |
| 19 | and therefore not subject to liability under the FDCPA.  The |
| 20 | reason that they have raised that defense, clearly -- and in |
| 21 | conformity with their responses -- is, Inovision, according |
| 22 | to Mr. Schlee, has no officers that he knows of, no |
| 23 | employees, no physical presence, no nothing.  So it can't |
| 24 | actually take any action. |
| 25 | So you have got here this -- |

```
 1              THE COURT:  So it's just a shell.
 2              If that's the case, I would permit you to amend to
 3   name the actual defendant.
 4              MR. RAPHAEL:  That's -- yes.  Because the affidavit
 5   at issue here that was signed in court was signed, according
 6   to David Schlee, by an employee of Inovision Financial, this
 7   Crystal Heckstall, not an employee of Inovision.
 8              THE COURT:  Let's get to the bottom of this.  Let's
 9   get to the bottom of this.
10              MR. RAPHAEL:  Everything was done by NCO Financial.
11              THE COURT:  Let's get to the bottom of this.
12              Will there be a summary judgment motion or a
13   defense that Inovision didn't do it and, therefore, you named
14   the wrong person and we get dismissal?
15              Will that argument be made?  Because if so, we do
16   need to permit Mr. Raphael to name the correct defendant.
17              I think that's all that we have left here.
18              MR. HARTSELL:  I don't think so, because the only
19   claim against Inovision is that it filed a collection lawsuit
20   that the plaintiff claims was improper.  Inovision was the
21   plaintiff -- Inovision, Inc., was the plaintiff.  They owned
22   the account.  They were the plaintiff in the underlying
23   collection suit.
24              Blatt, Hasenmiller were their attorneys in the
25   underlying collection suit.
```

```
 1              This lawsuit is based on that complaint that was
 2   filed in the muni division.
 3              THE COURT:  But will there be an argument that,
 4   because Inovision is not a debt collector, summary judgment
 5   is appropriate?
 6              If so, we need to make sure the debt collector is
 7   named.  And I will grant Mr. Raphael leave to name -- I think
 8   it's NCO.
 9              MR. RAPHAEL:  Financial.
10              THE COURT:  Maybe it's NCO Financial.
11              So ordered.
12              MR. HARTSELL:  And we won't make that argument.
13              THE COURT:  You won't make that argument.  In other
14   words, Inovision will adopt liability as a debt collector to
15   the extent that NCO was liable.
16              MR. HARTSELL:  I don't think it's going to matter
17   one bit for purposes of the merits of this case.
18              As opposed to complicating things with an amended
19   complaint and trying to reopen discovery, I will forego that.
20              THE COURT:  What I am going to order is that
21   Inovision withdraws any argument that it is not a debt
22   collector.
23              MR. RAPHAEL:  In that case, your Honor, what I
24   would do is, I would like leave to amend my complaint but not
25   add NCO Financial, but my amended complaint here does not add
```

1  any -- it doesn't add that claim that we got leave to add.
2  It doesn't add anything other than a modification of what we
3  previously alleged. But it sets it out in far greater
4  specificity so that when I file my motion for summary
5  judgment, we are done.
6         I don't need any additional discovery or anything
7  else. We can --
8         THE COURT: Are you raising new claims for which
9  Inovision will need additional discovery?
10        MR. RAPHAEL: If they need it, I am happy to give
11 it to them. But I doubt it. I think this is just an
12 amendment to conform this pleading to the proofs that we
13 obtained in the depositions.
14        MR. HARTSELL: I disagree, Judge. There is at
15 least one brand-new claim in here. There is a brand-new
16 1692(e)(3) claim against Blatt, Hasenmiller alleging that it
17 wasn't acting as an attorney, that the entire firm was
18 misrepresenting its status as an attorney.
19        This just appears to be a play on his original
20 amended complaint that he did never file, that somehow this
21 collection manager -- and by the way, I just want to be
22 clear.
23        Nobody has ever testified -- neither the plaintiff
24 nor any of my employees -- that Mr. Bell or this collection
25 manager appeared. He is trying to make it sound like this

1  guy appeared in front of the judge. He didn't.
2      MR. RAPHAEL: That's not part of this complaint.
3      MR. HARTSELL: Yeah, that's the one he has given
4  up --
5      THE COURT: The motion for leave to amend the
6  complaint is denied.
7      All right. We have a June 2nd date for dispositive
8  motions. It sounds like both sides will be filing them.
9      MR. RAPHAEL: Your Honor, I just want to make sure
10 that when you say my motion for leave to amend this complaint
11 is denied --
12     THE COURT: You are telling me you are not raising
13 any new claims. You are just clarifying what's already here.
14 You can make those arguments on summary judgment.
15     MR. RAPHAEL: I just want to make sure that I am
16 not precluded -- I have had it happen where I have raised
17 things in summary judgment, based upon the testimony that's
18 been given in the depositions, and then I have been told by
19 judges -- either rightfully or wrongfully, so I just do this
20 out of an abundance of caution -- that, well, it wasn't
21 specifically alleged in the complaint. Even though we are in
22 a notice pleading jurisdiction, they have said that to me.
23 And that's why I --
24     THE COURT: You wouldn't get a ruling like that
25 from me.

1   MR. RAPHAEL:  Fine.

2   THE COURT:  Thank you.

3   MR. HARTSELL:  Thank you, Judge.

4                  *   *   *   *   *

5   I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

6

7   F_____ _____, 2008.
    Official Court Reporter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25