**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| CHERISH BERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 4887 |
| | ) | |
| BLATT, HASENMILLER, LEIBSKER | ) | Judge Pallmeyer |
| & MOORE LLC, INOVISION, INC., and | ) | |
| NCO FINANCIAL SYSTEMS, INC., a/k/a | ) | |
| "NCO FINANCIAL SERVICES" and | ) | |
| "NCO FINANCIAL," | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**PLAINTIFF'S *MOTION IN LIMINE* NO. 1:
CHARACTER AND DEBT REFERENCES SHOULD BE BARRED**

Plaintiff Cherish Berg, by and through her attorneys, respectfully requests that this Court enter an order barring Defendant Blatt, Hasenmiller, its witnesses, and its attorneys from introducing any evidence regarding Ms. Berg's character, other than her truthfulness.

Other than the alleged Chase and Household accounts at issue in No. 05 M1 185845, an order should issue barring any reference as to whether Plaintiff has any accounts that have been placed in collection. No reference should be made to any other debt collection, litigation, credit reporting or bankruptcy matters as follows:

    a.    Whether Plaintiff's accounts at any retail establishment, finance company, utility company, insurance company or phone company have ever been placed in collections;

    b.    Whether Plaintiff has had any involvement or problems with any creditors or debt collectors;

    c.    Whether Plaintiff has had any problems with any credit reporting agencies;

    d.    Whether Plaintiff has been involved in any collection litigation; and

1

    e.  Whether Plaintiff has ever filed for bankruptcy protection.

Intimations as to Plaintiff's character and inflammatory or prejudicial arguments are typical in FDCPA cases, even though the only issue is whether the Defendant violated the Act through its conduct. Direct or implied attacks on the Plaintiff are improper under Fed. R. Evid. 401, 403, and 404 and as such, Defendant should be barred from making any reference or inquiry into Plaintiff's personal, family or medical history.

"One of the most frequent fallacies concerning debt collection legislation is the contention that the primary beneficiaries are deadbeats." S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697. Despite this congressional finding, defense counsel will likely claim that, by bringing an FDCPA action, Plaintiff seeks to immunize herself from the collection process and the natural, legitimate consequences of not paying a debt. Not only is this immaterial and speculative in this context (as Ms. Berg challenges whether she owes any debt at all), but the argument is nonsensical. Bringing an FDCPA enforcement action does not immunize anyone from the underlying debt, which is a separate transaction.

"No section of the Act requires an inquiry into the worthiness of the debtor, or purports to protect only 'deserving' debtors. To the contrary, Congress has clearly indicated its belief that no consumer deserves to be abused in the collection process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1330 (7th Cir. 1997).

Because of the fallacy of the "deadbeat debtor" argument, there is no reason to permit Defendant to make any reference to other collection actions, lawsuits or credit reporting problems that Cherish Berg may have involvement with because they bear no reasonable relation to whether or not Blatt, Hasenmiller violated the FDCPA in this instance. As noted by the Ninth Circuit, "The Act is designed to protect consumers who have been victimized by unscrupulous

3

debt collectors, regardless of whether a valid debt actually exists." *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). Moreover, "[t]he statute does not make an exception for liability under section 1692g when the debtor does in fact owe the entire debt." *Id.*

Because Plaintiff's personal, family and medical history, her character with regard to payment of the debts at issue in this case, or any other case, and any alleged propensity for litigation are irrelevant and overly prejudicial, Defendants should not be permitted to examine or refer to these topics at trial. Plaintiff's character is not at issue in this case and is not related to any claim or defense.

Respectfully submitted,

By: /s/ Lance A. Raphael
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| CHERISH BERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 4887 |
| | ) | |
| BLATT, HASENMILLER, LEIBSKER | ) | Judge Pallmeyer |
| & MOORE LLC, INOVISION, INC., and | ) | |
| NCO FINANCIAL SYSTEMS, INC., a/k/a | ) | |
| "NCO FINANCIAL SERVICES" and | ) | |
| "NCO FINANCIAL," | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**PLAINTIFF'S *MOTION IN LIMINE* NO. 2:
NO MENTION OF PLAINTIFF'S STATUS AS A PRIVATE ATTORNEY GENERAL
AND THE AVAILABILITY OF ATTORNEYS' FEES**

Plaintiff Cherish Berg, by and through her attorneys, respectfully requests that this Court enter an order barring Defendant Blatt, Hasenmiller, its witnesses, and its attorneys from introducing any evidence regarding Plaintiff's status as a private attorney general enforcing public policy under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., making mention of Plaintiff's attorneys (other than in their capacity as representing Plaintiff in the state court collection proceeding and the instant lawsuit) or stating that a successful plaintiff may receive attorneys' fees and costs under the Act.

The FDCPA relies on and encourages consumers, such as Plaintiff, to act as private attorneys general to enforce the public policies expressed in the Act. Indeed, Congress stated its unequivocal intent, "that private enforcement actions would be the primary enforcement tool of the Act." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982). Thus, it is not up to state or federal governments to police debt collectors under the FDCPA but, per Congress'

1

intent, it is up to private citizens do so. *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994).

Defendant, its witnesses, and its attorneys should not be permitted to inflame the jury by claiming that Plaintiff is in this case for the money. By denigrating the motives of Plaintiff, Defendant will contravene Congress' express intent that Plaintiff properly has such a motive. And, because nothing in the FDCPA allows the jury to consider a Plaintiff's motives in awarding damages, Plaintiff's motives are immaterial. *See* 15 U.S.C. § 1692k. Rather, to determine the amount of statutory damages, the jury considers the nature of the violation, the frequency and persistence of the violation, the extent to which the violation was intentional, and the number of violations. *See* 15 U.S.C. § 1692k(b)(1); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1467 (C.D. Cal. 1991).

Moreover, Defendant, its witnesses, and its attorneys should not be permitted to claim that the Plaintiff's attorney's fee recovery is the "engine running this suit." That claim is, again, contrary to the intent of Congress that the FDCPA be enforced by private attorneys, rather than overburdened public servants. *See Graziano v. Harrison*, 950 F.2d 107, 113-14 (3d Cir. 1991) ("Attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award attorney's fees as a means of fulfilling Congress' intent that the Act should be enforced by debtors acting as private attorneys general.") Fee-shifting provisions, like that found in the FDCPA, were designed to create a mechanism by which litigants (especially those pursuing small monetary claims) could obtain legal representation. *See Melton v. Frigidaire*, 346 Ill. App. 3d 331, 339 (1st Dist. 2004) (*citing State Farm Fire & Casualty Co. v. Miller Electric Co.,* 231 Ill. App. 3d 355, 359 (2d Dist. 1992) (fee-shifting provisions were enacted to vindicate the rights of a consumer injured by the defendant and intended to encourage consumers

to pursue their legal remedies by providing them with legal assistance). *See also Lee v. Javitch, Block & Rathbone, LLP*, 568 F. Supp. 2d 870, 875 (S.D. Ohio 2008).

This argument is also spurious here because it is completely within the Defendant's power to have keep Plaintiff's fees to a minimum. Defendant mounted a stalwart defense with full awareness of its exposure to a higher award of fees by doing so. *McGowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981).

"The award of attorney fees is a matter for the judge not the jury." *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991). Inviting the jury to factor in a fee award can result in prejudice to the Plaintiff and, as the *Brooks* court noted, undermine the public policies behind fee-shifting provisions:

> In a case where the plaintiff is entitled to compensatory damages, informing the jury of the plaintiff's potential right to receive attorneys' fees might lead the jury to offset the fees by reducing the damage award. Even more troubling, however, is the case where actual damages are small or non-existent. When damages are nominal, there is a risk that the jury may believe that the "harm" does not justify the payment of a large fee award. The jury may thus decide to find for Defendant rather than allow the plaintiff's attorney to recover fees.

*Id*. at 1051. Similarly, there is no basis to reference Plaintiff's law firm or other cases that the firm has filed, even if such cases have been against Blatt, Hasenmiller.

Accordingly, Defendant, its witnesses, and attorneys should be directed not to mention: (1) Plaintiff's role as a private attorney general; (2) Plaintiff's law firm's case filing history; and (3) the availability of attorneys' fees to the successful Plaintiff in the presence of the jury.

    Respectfully submitted,

    By: /s/ Lance A. Raphael
    One of Plaintiff's Attorneys

4

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| CHERISH BERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 4887 |
| | ) | |
| BLATT, HASENMILLER, LEIBSKER | ) | Judge Pallmeyer |
| & MOORE LLC, INOVISION, INC., and | ) | |
| NCO FINANCIAL SYSTEMS, INC., a/k/a | ) | |
| "NCO FINANCIAL SERVICES" and | ) | |
| "NCO FINANCIAL," | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**PLAINTIFF'S *MOTION IN LIMINE* NO. 3:
DEFENDANT'S NON-ORIGINAL DOCUMENTS, INCLUDING ITS COLLECTION
NOTES, AND THE COLLECTION NOTES OF ITS CLIENT, SHOULD BE BARRED**

Plaintiff Cherish Berg, by and through her attorneys, respectfully requests that this Court enter an order barring Defendant Blatt, Hasenmiller from introducing any documents at trial for which an original or electronic version was requested and not produced. Specifically, Plaintiff seeks to bar the admission of BHLM 00001 – 00053, BHLM 00057, and INOVISION 00001 – 00014.

Initially, Plaintiff notes that Defendant failed to produce training materials in discovery, excepting for one printed page of what appears to be a screen from a Power Point presentation (BHLM 00057). As such, Defendant should be barred from introducing at trial any of its training and procedural manuals.

Further, with respect to Plaintiff's § 1692c claim, Blatt, Hasenmiller denies making any calls to Plaintiff after November 30, 2006 and relies upon the absence of any noted calls in its Noble Systems dialer call log and its collection notes. To prevail on this defense, however,

1

Defendant must show that its records are not subject to exclusion under the hearsay rule and are authentic. Here, Defendant's Rule 30(b)(6) witness testified that Blatt, Hasenmiller has the capability to alter its records. *See*, *e.g*. Wake Dep. at 181:5-20 (explaining how information is changed in fields); 188:1-20. ("If he had to insert a data field across the data base and shift everything down, it could have dumped all of those lines into the notes and he, you know, rebuilt those once he got everything to shift.") *See* Wake Dep. at 190-191. Wake also testified that all records pertaining to the Plaintiff were not printed out. *See* Wake Dep. at 189:3-24. Thus, Defendant's own deposition testimony establishes the problems with the documents' completeness and authenticity.

In order to overcome the hearsay rule, Defendant must show that its system logs and notes (or those of its client) meet the requirements of Fed. R. Evid. 803(6), which Defendant has never bothered to do. No certification has ever been made as contemplated by Fed. R. Evid. 902(11), which requires:

> Certified domestic records of regularly conducted activity. The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record—
>    (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>    (B) was kept in the course of the regularly conducted activity; and
>    (C) was made by the regularly conducted activity as a regular practice.
> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

In addition to their evidentiary problems, the print-outs of BHLM 00001 – 00053, BHLM 00057, and INOVISION 00001 – 00014 should be barred because Plaintiff requested the <u>original</u>

<u>and electronic</u> versions of those documents in her discovery requests and in the document riders to her notices of deposition, which were never produced. For example, Plaintiff's Document Request No. 28 to Blatt, Hasenmiller asked for, "All **original** documents that refer or relate to Plaintiff (Do not produce copies – we want to inspect the original contract, the original computer records, etc.)" (emphasis in original).

Fed. R. Civ. P. 26 was amended in 2006 to specifically require the disclosure of "electronically stored information." Fed. R. Civ. P. 37(c)(1) provides an automatic sanction for a party's failure to disclose or supplement disclosures under Rule 26. Accordingly, Blatt, Hasenmiller's failure to produce complete records of its electronically stored information related to Plaintiff (as required under Rule 26) means that it should not be permitted to introduce wholly unauthenticated print-outs of partial computer records to establish its defenses (as contemplated under Rule 37).

Therefore, Defendant Blatt, Hasenmiller should be barred from introducing the following documents at trial: BHLM 00001 – 00053, BHLM 00057, and INOVISION 00001 – 00014 and any of its training and procedure manuals.

          Respectfully submitted,

          By: /s/ Lance A. Raphael
          One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| CHERISH BERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 4887 |
| | ) | |
| BLATT, HASENMILLER, LEIBSKER | ) | Judge Pallmeyer |
| & MOORE LLC, INOVISION, INC., and | ) | |
| NCO FINANCIAL SYSTEMS, INC., a/k/a | ) | |
| "NCO FINANCIAL SERVICES" and | ) | |
| "NCO FINANCIAL," | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**PLAINTIFF'S *MOTION IN LIMINE* NO. 4:
ANY TESTIMONY OR EVIDENCE USED TO CONTRADICT STATEMENTS MADE
BY KENNETH WAKE AT HIS RULE 30b(6) DEPOSITION SHOULD BE BARRED**

Plaintiff Cherish Berg, by and through her attorneys, respectfully requests that this Court enter an order barring Defendant Blatt, Hasenmiller from introducing any evidence that was reasonably available to it prior to the deposition of its designated Rule 30(b)(6) witness Kenneth R. Wake but which not produced. Further, Defendant should be barred from introducing evidence or making arguments to contradict statements made by Kenneth R. Wake in his Rule 30(b)(6) capacity.

Barring new evidence to supplement Wake's testimony or contradict it in any fashion is an appropriate sanction under Rule 37 for a party's failure to produce a completely responsive witness:

> In reality if a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it. Indeed, we believe that the purpose behind Rule 30(b)(6) undoubtedly is frustrated in the situation in which a corporate party produces a witness who is unable and/or unwilling to provide the necessary factual information on the entity's behalf. See generally Fed. R. Civ. P.

1

> 30 advisory committee's notes (stating that the procedure outlined in subdivision (b)(6) should be viewed as "an added facility for discovery" and would "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge" of relevant facts). "For courts to permit litigants to disregard the responsibilities that attend the conduct of litigation would be tantamount to 'encouraging dilatory tactics.'" Al Barnett & Son, Inc., 611 F.2d at 35 (quoting Cine Forty-Second Street Theatre v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979)). Thus, we hold that when a witness is designated by a corporate party to speak on its behalf pursuant to Rule 30(b)(6), "producing an unprepared witness is tantamount to a failure to appear" that is sanctionable under Rule 37(d).

*Black Horse Lane v. Dow Chemical*, 228 F.3d 275, 304 (3d Cir. 2000) (internal citation omitted).

Further, because the testimony of a 30(b)(6) witness is to have a binding effect on the corporation, (*see Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006)), the organization should be prohibited from using theories or information not disclosed during the 30(b)(6) deposition, unless the information was unavailable at the time of the deposition. *See Rainey v. American Forest and Paper Assoc., Inc.*, 26 F.Supp 2d 82, 94 (D.D.C. 1998).

Therefore, Defendant Blatt, Hasenmiller should be barred from introducing at trial any new evidence or making arguments to contradict statements made by its 30(b)(6) witness Kenneth R. Wake.

                                                Respectfully submitted,

                                                By: /s/ Lance A. Raphael
                                                One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808